■ NICHOLAS LONGO, Respondent, v NEW YORK CITY EDUCATIONAL CONSTRUCTION FUND et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—Judgment of the Supreme Court, New York County (Helen E. Freedman, J.), entered November 15, 1983, awarding damages to plaintiff Nicholas Longo against defendant Consolidated Edison Co. of New York, in the total amount of $78,138.27, reversed on the law, without costs, and judgment is entered in favor of the defendant dismissing the complaint.

This is an action to recover damages for personal injuries allegedly sustained when plaintiff fell down a flight of steps in the apartment building in which he resided, on July 13, 1977, the night that a power failure resulted in a blackout. As here relevant, judgment was entered in favor of the plaintiff after a jury trial against the defendant Consolidated Edison Co. of New York (Con Edison).

The issue presented on appeal is identical with that addressed by the Court of Appeals in *Strauss v Belle Realty Co.* (65 NY2d 399, *affg* 98 AD2d 424). The decision of the court in the *Strauss* case mandates reversal of the judgment entered against Con Edison in this case and the dismissal of the complaint. In *Strauss* the Court of Appeals held (p 401): "We conclude that in the case of a blackout of a metropolis of several million residents and visitors, each in some manner necessarily affected by a 25-hour power failure, liability for injuries in a building's common area should, as a matter of public policy, be limited by the contractual relationship." Concur—Sandler, J. P., Carro, Bloom and Kassal, JJ.

■ CITY OF NEW YORK v FLOWER HOSPITAL.—Motion, insofar as it seeks reargument, granted to the extent of (1) deleting from the recital paragraph of this court's order entered on June 4, 1985 the figure "1,133,754" and substituting therefor the figure "1,133,705," and (2) modifying, on the facts, the penultimate paragraph of the order and of the judgment of the Supreme Court, New York County, entered, respectively, on November 5 and November 8, 1984, from which movants cross-appealed, to indicate that recovery on the fifth cause of action be $7,400 rather than $79,043, from September 8, 1982 forward, and otherwise affirmed. The clerk of said court is directed to compute the precise arithmetical computation herein for inclusion in said order and judgment.

The motion, insofar as it seeks leave to appeal to the Court of Appeals, and the cross motion seeking the same relief, are denied. Concur—Murphy, P. J., Fein, Milonas, Kassal and Rosenberger, JJ.